UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

United States of America

     v.                           Civil No. 08-cv-182-SM

Chevrolet 3500 Pick-up Truck,
White, VIN 1GCJK39194E210360,
Seized from Stephen Whitcomb,

**O R D E R**

As discussed with counsel at a pretrial status conference on
January 26, 2009, this case raises a number of questions of
varying complexity, and hints of a fundamental departure from
what normally is expected with regard to government conduct when
matters of comity are at stake.

While, strictly speaking, the Department of Justice's <u>Petite</u>
Policy (U.S. Attorneys' Manual § 9-34) applies only to federal
criminal prosecutions, the spirit underlying that policy might be
seen by experienced Justice Department officers as wisely
informing the handling of this forfeiture action as well.  After
all, the State of New Hampshire has already prosecuted and
punished the underlying criminal offense, and a highly respected
state judge has ordered return of the truck at issue to the
claimant-defendant ("defendant") in order to facilitate his
earning a living.  That the federal government <u>can</u> effectively

override that decision, and deprive defendant of the means of his livelihood, does not mean that it <u>should</u>.

There are also facts and hints of circumstances here that suggest some complicity between local law enforcement officials and federal authorities, the result of which might undermine the state court's orders and thereby lessen public respect for state court decisions.  Defendant may, after discovery, also be in a position to assert a vindictive litigation claim, a selective enforcement claim, or estoppel.

In addition, the forfeiture claim, under these unclear circumstances, gives rise to issues regarding fundamental fairness, proportionality, oppressiveness, and the nature and extent of the "substantial connection" between the underlying drug offense and the truck at issue.  <u>See, e.g.</u>, 18 U.S.C. § 983(c); <u>United States v. One 1990 Ford Ranger Truck, VIN NO. 1FTCR10TALUCO8885</u>, 888 F. Supp. 1170 (N.D. Ga. 1995).

This is a civil matter, and in this court's opinion, a reasonable settlement can be achieved by reasonable counsel acting in good faith.  Therefore, the matter is hereby referred for mediation to the Magistrate Judge, who will no doubt insure that counsel act with deliberation and in good faith, and invest

2

the time necessary to fully and fairly consider that opportunity
before additional court resources are applied to the litigation
process.

   Defendant's probationary period, imposed by the state court,
requires that he work, and the truck at issue is necessary to
that work — it is a tool of defendant's trade.  Defendant has a
possessory interest in the truck; he has made a claim; he has
substantial ties to the community sufficient to provide assurance
that the property will be available at the time of civil trial on
the merits; continued possession of the truck by the government
pending final disposition of these forfeiture proceedings will
cause defendant substantial hardship by interfering with his
state-imposed probation obligations, interfering with his ability
to maintain gainful employment, and disrupting the efficient
functioning of his business.  Defendant's hardship far outweighs
any risk that the truck will be destroyed, lost, damaged, or
concealed, or transferred if it is returned to the defendant
during the pendency of these proceedings, and, the property is
unlikely to be used by defendant to commit additional crimes if
returned to defendant.  18 U.S.C. § 983(f).

**Conclusion**

Accordingly, the seized property at issue here, one white pick-up truck, shall be immediately released and returned to defendant, Stephen Whitcomb, who shall maintain possession of the property, in good repair, pending resolution of this litigation.

Defendant's motion for return of property (document no. 16) is granted.  All other pending motions are hereby denied, but without prejudice to refiling, if necessary, but only <u>after</u> the Magistrate Judge determines the parties have acted in good faith and that a settlement is unlikely, and the undersigned has determined that additional private mediation efforts would not prove useful.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

January 30, 2009

cc:  Seth R. Aframe, Esq.
     Ron E. Hoffman, Esq.

4